A TRUE COPY
Feb 09, 2024
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
The PREMISES are the properties to be searched at 104 South Main Street, Apt 200 and Apt 402, Fond du Lac, Wisconsin. Apt 200 is further described as a 3-Bedroom, 2-bath apartment. Apt 402 2-bedroom, 1-bath apartment. )

Case No. **24-M-328 (SCD)**

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the   Eastern   District of   Wisconsin  
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   2-23-24   *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Honorable Stephen C. Dries  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   2-9-24. 10:00 am  
*Judge's signature*

City and state:   Milwaukee, WI      Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

*Property to Be Searched*

The PREMISES are the properties to be searched at 104 South Main Street, Apt 200 and Apt 402, Fond du Lac, Wisconsin. Apt 200 is further described as a 3-Bedroom, 2-bath apartment. Apt 402 2-bedroom, 1-bath apartment. The exterior of the building is a brick building with commercial space on the first level. There is a secured entrance door to the apartments on the East and West sides of the building. The parking lot for the complex is located on the west side of the apartment. Both apartment doors are brown doors with a nickel finished door handle and deadbolt. The deadbolt can be unlocked with either a code or a key. The Apartment number is clearly marked in white letters on a blue background next to each Apartment door. Apt 200 is located on the 2nd floor of the building, while Apt 402 is located on the 4th floor of the building.

# ATTACHMENT B

*Property to be seized*

All records relating to violations of Title 18, United States Code, Sections 922(g)(9) and 1001, involving Deterious K. JONES, including:

a. information regarding the identities of any perpetrators and/or co-conspirators;

b. information or receipts pertaining to firearms purchases, possession, and/or sales;

c. information concerning JONES' schedule, travel, and/or location at particular relevant times;

d. relevant photographs, bank records, checks, credit card bills, account information, and other financial records related to the purchase, possession, or sale of firearms; and

e. any firearms, firearms parts, or ammunition.

The terms "records" and "information" include all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

3

# UNITED STATES DISTRICT COURT

for the
Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
Feb 09, 2024
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
The PREMISES are the properties to be searched at 104 South Main ) Case No. **24-M-328 (SCD)**
Street, Apt 200 and Apt 402, Fond du Lac, Wisconsin. Apt 200 is further )
described as a 3-Bedroom, 2-bath apartment. Apt 402 2-bedroom, 1-bath )
apartment. )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the ____Eastern____ District of ____Wisconsin____, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(9) | possession of firearm by someone who has been convicted of a misdemeanor crime of domestic violence |
| 18 U.S.C. § 1001 | material false statements |

The application is based on these facts:
Please see Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* ____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

BRADLEY KURTZWEIL
Digitally signed by BRADLEY KURTZWEIL
Date: 2024.02.08 12:08:38 -06'00'

*Applicant's signature*

Bradley Kurtzweil, Special Agent, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
____telephone____ *(specify reliable electronic means)*.

Date: __2-9-24__

*Judge's signature*

City and state: Milwaukee, WI       Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Special Agent Bradley Kurtzweil, being first duly sworn, hereby depose and state as follows:

# INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the residences occupied by Deterious K. JONES (DOB xx/xx/1987), further described as 104 South Main Street, Apt 200 and Apt 402, Fond du Lac, Wisconsin, hereinafter "PREMISES", further described in Attachment A.

2. I am a Special Agent of the United States Justice Department, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), currently assigned to the Milwaukee Field Office. I have been so employed since March 2020. My duties with ATF include investigating alleged violations of the federal firearms, explosives, and arson statutes.

3. I completed approximately 26 weeks of training (approximately 1000 hours) at the Federal Law Enforcement Training Center (Glynco, Georgia) and ATF's National Academy. The training included courses on constitutional law such as search and seizure, and conducting investigations through searches, arrests, interviews, surveillance, and evidence collection.

4. During my time at ATF, I have attended specialized training from the ATF related to determining the interstate nexus of firearms and ammunitions. I regularly perform physical examinations of firearms for various purposes, including a determination of interstate/foreign commerce nexus and appropriate classification under the Gun Control Act of 1968 and related statutes and regulations. Additionally, I frequently conduct research by referencing industry-related public reference materials widely utilized by law enforcement and civilian firearms experts, manufacturer's websites, law enforcement reports, records maintained by ATF as part of

its function to regulate the firearms and ammunition industry, as well as conversations with manufacturers and/or other experts in the industry. I have also interviewed multiple individuals involved in firearms and drug trafficking, obtaining information regarding acquisition, sale, importation, manufacture, and distribution of firearms and controlled substances, resulting in prosecutions, convictions and the seizure of illegal drugs and weapons.

5. Prior to joining ATF, I was a sworn Police Officer in the State of Illinois from March 2011 to March 2020. I completed 12 Weeks (approximately 480 hours) of basic training at the Illinois State Police Academy from April 2011 to June 2011. I was a patrol officer with the Bolingbrook (IL) Police Department from December 2012 to March 2020, and an Evidence Technician for patrol from July 2017 to March 2020. As a Police Officer, I attended approximately 520 hours of additional training in areas including evidence collection, interview/interrogation, arson and explosives, gang investigations, and drug investigations.

6. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7. For terms in this affidavit including "firearm," "ammunition," and others, I rely on definitions in the United States Code and implementing regulations. See, e.g., 18 U.S.C. § 921, 27 CFR §§ 478.11 & 478.12(a)(1).

8. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Sections 922(g)(9) (possession of firearm when convicted of a misdemeanor crime of domestic violence) and 1001 (materially false statements) have been committed by Deterious K. JONES (DOB

XX/XX/1987). There is also probable cause to search the PREMISES, further described in Attachment A.

## PROBABLE CAUSE

9. On December 18, 2019, JONES was convicted of two counts of misdemeanor Battery (Milwaukee County 2019CF003498), where the victim was a 14-year-old child with autism, who resided with JONES, along with the child's siblings and the child's mother. This conviction qualifies as a misdemeanor crime of domestic violence, and JONES is therefore prohibited from possessing and acquiring firearms and ammunition under federal law.

10. On December 29, 2023, JONES was able to acquire a Remington, Sportsman 58, 16-gauge shotgun, bearing serial number 125315W, from Federal Firearms Licensee (FFL) The Bunker Shooters Shop, located at 2465 S. 84th St, West Allis, WI 53227, because the Federal Bureau of Investigation (FBI) failed to render a "proceed or denied" decision within 3 business days of setting the status of JONES' background check to "Delayed," on 12/21/2023. During the process of purchasing the firearm, JONES provided his phone number as 414-252-1182.

11. Affiant checked with the Fond du Lac Police Department, and they also had an in-house number for JONES listed as 414-252-1182. Furthermore, publicly available information, indicated 414-252-1182 to be registered to JONES and T-Mobile is the provider.

12. On January 4, 2024, the FBI notified The Bunker Shooters Shop that the firearms transaction should be denied and was advised the firearm had already been transferred to JONES.

13. On January 5, 2024, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) received a NICS Delayed Denial Referral from the FBI.

3

14. On January 5, 2024, Affiant spoke with JONES approximately 3 times on the phone, advising him of his firearm prohibition and explaining the situation. JONES agreed to return the firearm the next day. Affiant also sent JONES a NICS denial letter via certified mail.

15. On January 6, 2024, JONES brought the shotgun to The Bunker Shooters Shop, but after learning he would be written a check for the price of the firearm and not be given cash, he refused to return the firearm and left the store with the shotgun in his possession.

16. On January 8, 2024, Affiant spoke with employees at The Bunker Shooters Shop and learned the firearm was not returned. Affiant attempted to contact JONES via telephone twice on January 8, 2024, leaving a voicemail the first time, and once on January 9, 2024, but JONES did not answer or return the phone calls.

17. On January 16, 2024, Law Enforcement located a red 2001, Ford F150 truck, known to be owned by JONES, in the parking lot of the address that JONES listed on his ATF 4473 (Firearm purchase form), 104 South Main Street, Apt 200, Fond du Lac, WI 54935.

18. On January 22, 2024, at approximately 4:31 PM, Affiant was able to reach JONES on the phone and spoke for approximately 13 minutes. Affiant again explained the situation to JONES and gave JONES the following two options:

   a. return the firearm to The Bunker Shooters Shop; or
   b. meet with Affiant/ATF and a non-prohibited person of JONES' choosing, to transfer the firearm to the 3rd party and complete paperwork with the 3rd party stating they would not give JONES access to the firearm.

19. JONES was also told if he refused either of the above options, he would be referred to the United States Attorney's Office (USAO) for possible charges.

4

20. JONES stated he would not return the firearm and needed to make some phone calls about transferring the firearm to somebody else.

21. On January 22, 2024, at approximately 5:11 PM, Affiant missed a phone call from JONES. At approximately 5:55PM, Affiant called JONES back at which time JONES stated he had returned the firearm to "Shooters." A transcript of the conversation is below:

> JONES: Hello?
>
> SA Kurtzweil: Hey Mr. Jones, it's Special Agent Kurtzweil returning your call.
>
> JONES: Yea, the gun's there.
>
> SA Kurtzweil: The gu-n is what?
>
> JONES: The gun is there.
>
> SA Kurtzweil: The gun is where?
>
> JONES: Uh Shooters.
>
> SA Kurtzweil: You returned it?
>
> JONES: Yea
>
> SA Kurtzweil: So, when I call them right now, they're going to tell me you returned it?
>
> JONES: Yea
>
> SA Kurtzweil: When did you return it?
>
> JONES: I just drove up there when I got off the phone with you.
>
> SA Kurtzweil: Ok, so if I call them…Did they give you your money back?
>
> JONES: Yep
>
> SA Kurtzweil: All of it?
>
> JONES: Yea

SA Kurtzweil: So if I---[call ended when JONES hung up.]

22. On January 22, 2024, at approximately 5:57 PM, Affiant called The Bunker Shooters Shop and was informed that JONES had not returned the firearm to them.

23. On January 22, 2024, at approximately 6:05 PM, Affiant drove through the parking lot of JONES' apartment complex, located at 104 South Main Street, Fond du Lac, Wisconsin, and observed the pickup truck JONES drives in the parking lot.

24. Affiant knows that the distance between JONES' residence and The Bunker Shooters Shop is approximately 66 miles and should take approximately 1 hour each way to drive from JONES' residence to Shooters Shop.

25. Given the above information, it is not possible that JONES could have driven from his residence to The Bunker Shooters Shop and back in the time between the conclusion of the first phone call with Affiant (ending at approximately 4:44 p.m.) and when JONES and Affiant spoke again (at approximately 5:55 p.m.).

26. On January 23, 2024, ATF SA Erlien met with The Bunker Shooters Shop employees. SA Erlien had occasion to view The Bunker Shooters Shop Acquisition and Disposition book and verified the firearm was not returned. Furthermore, employees told SA Erlien that a few days after JONES had been in the store with the firearm on 01/06/2024, JONES had called and asked the employee to lie to the ATF, by telling the ATF that JONES had returned the firearm.

27. On January 30, 2024, the United States Magistrate Judge William E. Duffin issued a federal search warrant (24MJ59) for the T-Mobile records pertaining to JONES' phone, to include, historical cell site records, timing advance data, subscriber information, call detail records, and real-time location records (pings).

28. On January 30, 2024, Affiant began receiving real-time location (pings) for JONES' phone as well as the other requested records. While reviewing the records, Affiant observed cell tower and timing advance records indicating that JONES did not leave Fond du Lac, Wisconsin, on January 22, 2024, when he had told Affiant he returned the firearm to Shooters Shop.

29. Furthermore, an examination of the phone records indicated JONES had called Shooters Shop once on December 28, 2023 (day before firearms transfer), once on December 29, 2023 (day of firearms transfer) and twice on January 22, 2024. The first call on January 22, 2024, was placed at 4:57 PM, shortly after the conversation with Affiant finished, and the second was placed at 5:56 PM, immediately after the phone call with Affiant during which JONES stated he had returned the firearm. The timing of these phone calls corroborates the statements from Shooters Shop staff that JONES had called them and asked them to lie to the ATF on his behalf.

30. On February 6, 2024, Affiant and ATF Task Force Officer (TFO)/Fond du Lac Police Department Detective Vance Henning Jr. spoke with a member of the management company and viewed surveillance video from the apartment complex where JONES has been staying. The employee related that JONES is not on any lease, but he has been receiving mail at Apt 200. The employee also stated that the person who leases Apt 200 is related to the people who live in Apt 402 and Apt 407. The lease for Apt 200 indicated it should be occupied by Bianca M. BLANKS-AUSTIN (DOB xx/xx/1988), Terez D. AUSTIN (DOB 12/02/1988) and three juveniles (approximate ages 11, 17, and infant). The lease for Apt 402 indicated it should be occupied by Robert T. BLANKS Sr. (DOB xx/xx/1967) and Robert T. BLANKS Jr. (DOB xx/xx/1999).

31. Based upon my review of law enforcement databases, on multiple occasions JONES has had contact with law enforcement while driving a red Ford pick-up truck, currently bearing Wisconsin license plate UD8241. In the last few weeks, law enforcement and your Affiant have also observed this same truck parked outside of the PREMISES and in the vicinity of JONES' workplace. The license plate is registered to BLANKS Jr., with the address corresponding to Apt 402.

32. Using phone records, Affiant was able to determine that after JONES was transferred possession of the firearm from Shooters Shop on 12/29/2023, he did not return to Fond Du Lac until 01/01/2024. Affiant also determined JONES had left Fond du Lac on the morning of 01/06/2024 and returned to Fond du Lac on 01/07/2024. These same records indicated JONES was in the immediate area of Shooters Shop on 01/06/2024, which again corroborates the previous statements made by employees that JONES had come to the store, but he refused to return the firearm.

33. Affiant and TFO Henning Jr. viewed video surveillance from the "Exchange 104" apartment complex, located at 104 South Main Street, Fond du Lac, WI. Affiant observed the time stamp on the video to be approximately 1 hour and 11 minutes slower than the actual time. Affiant made the following observations of the video:

   a. On January 1, 2024, at approximately 2:48 AM (1:37 AM on video), JONES entered the back lobby of the apartment complex carrying what Affiant knows from his training and experience to be two long gun cases. Affiant also knows that these cases are commonly used to transport firearms, specifically rifles or shotguns. One of the cases was black and one of the cases was brown/tan. At

8

approximately 2:51 AM (1:40 AM on video), JONES entered Apt 402 with both firearms.

    b. On January 6, 2024, at approximately 5:10 AM (3:59 AM on video), JONES exited Apt 402 with one black and one brown/tan long gun cases and exited the back lobby at 5:12 AM (4:01 AM on video).

    c. On January 7, 2024, at approximately 9:21 PM (8:10 PM on video), JONES entered the back lobby with one black and one brown/tan long gun cases. At approximately 9:22 PM (8:11 PM on video), JONES entered Apt 200 with both long gun cases. At approximately 9:33 PM (8:22 PM on video) JONES exited Apt 200 with both long gun cases. At approximately 9:35 PM (8:24 PM on video), JONES entered Apt 402 with both long gun cases. Affiant also observed JONES unlock Apt 402 using the keypad on the door.

    d. On February 6, 2024, at approximately 4:25 AM (3:14 AM on video) JONES exited Apt 402 and at approximately 4:26 AM (3:15 AM on video) exited the back lobby. Affiant knows JONES to leave for work most days around this time.

34. Affiant knows people sometimes list one address on their driver's license or have mail delivered to an address, while living or staying at another address as a way to conceal their true address and also as a way to hide contraband, in this case firearms. JONES claims to live at Apt 200, which is his documented address on his Wisconsin Driver's License, the address he provided on the ATF form 4473, and the address where his mail is delivered, while he appears to sleep and/or stay at Apt 402, has the keypad access code to this apartment, and it is the address associated with the license plate registration of the truck he drives. Based on review of

9

surveillance footage, JONES has undeterred access to both Apt 200 and Apt 402 and it is reasonable to believe that JONES could store firearms and other personal items in both Apt 200 and Apt 402.

## **CONCLUSION**

I submit that this affidavit provides probable cause for a warrant to search the PREMISES, described in Attachment A to seize the items described in Attachment B.

# ATTACHMENT A

*Property to Be Searched*

The PREMISES are the properties to be searched at 104 South Main Street, Apt 200 and Apt 402, Fond du Lac, Wisconsin. Apt 200 is further described as a 3-Bedroom, 2-bath apartment. Apt 402 2-bedroom, 1-bath apartment. The exterior of the building is a brick building with commercial space on the first level. There is a secured entrance door to the apartments on the East and West sides of the building. The parking lot for the complex is located on the west side of the apartment. Both apartment doors are brown doors with a nickel finished door handle and deadbolt. The deadbolt can be unlocked with either a code or a key. The Apartment number is clearly marked in white letters on a blue background next to each Apartment door. Apt 200 is located on the 2nd floor of the building, while Apt 402 is located on the 4th floor of the building.

## ATTACHMENT B

*Property to be seized*

All records relating to violations of Title 18, United States Code, Sections 922(g)(9) and 1001, involving Deterious K. JONES, including:

a. information regarding the identities of any perpetrators and/or co-conspirators;

b. information or receipts pertaining to firearms purchases, possession, and/or sales;

c. information concerning JONES' schedule, travel, and/or location at particular relevant times;

d. relevant photographs, bank records, checks, credit card bills, account information, and other financial records related to the purchase, possession, or sale of firearms; and

e. any firearms, firearms parts, or ammunition.

The terms "records" and "information" include all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).